## Mabel Ware Anderson, Appellee, v. Decatur Railway & Light Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 13, 1915. Rehearing denied December 11, 1915.

### Statement of the Case.

Action by Mabel Ware Anderson, plaintiff, against the Decatur Railway & Light Company, defendant, for damages for personal injuries. From a judgment for plaintiff, defendant appeals.

CREA & HOUSUM, for appellant; GEORGE W. BURTON, of counsel.

CHESTER A. SMITH, CHARLES F. EVANS and JESSE L. DECK, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1401*—*when verdict not disturbed.* In an action for personal injuries sustained as the result of the vehicle in which the plaintiff was riding, on a street car track, being struck by an overtaking street car, evidence *held* to justify the submission of the questions of negligence of the defendant and contributory negligence of the plaintiff to the jury, and not to justify a reversal of the verdict as contrary to the evidence.

2. APPEAL AND ERROR, § 1466*—*when admission of evidence harmless error.* In an action for personal injuries, admission of testimony that a witness heard a remark made which indicated to her that an accident, such as claimed by the plaintiff, had happened,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*held* not reversible error, if error at all, there being no controversy as to whether or not such accident had happened.

3.    INSTRUCTIONS, § 118*—*when not objectionable as not referring to evidence.* An instruction stating an abstract proposition of law is not objectionable in that it does not refer to the evidence.

4.    CARRIERS, § 482*—*when instruction not erroneous.* In view of the evidence, an instruction in an action by a street car passenger for personal injuries, *held* not erroneous as assuming a duty on the part of the motorman to sound a gong.

5.    INSTRUCTIONS, § 114*—*when should not be given.* Instructions as to matters not in issue should not be given.

6.    NEW TRIAL, § 96*—*when affidavit in support of motion for new trial insufficient.* A new trial in a personal injury action, *held* properly denied on an affidavit stating that the plaintiff's physician, in an interview with the defendant's claim agent, omitted to state the details of the results of the plaintiff's injuries, it not being claimed that, as the result of such omission, the defendant was taken by surprise as to the extent of such injuries, and there being nothing in such affidavit showing that any wilful misrepresentation had been made.